[Civ. No. 7866. Second Appellate District, Division One.—May 18, 1934.]

W. H. JONES et al., Appellants, v. W. L. BLANCHARD et al., Respondents.

Carter & Webster and Wilton W. Webster for Appellants.

Joe Crider, Jr., Clarence B. Runkle and Tanner, Odell & Taft for Respondents.

HOUSER, J.—From the record herein it appears that one Straight and his minor son sold to the plaintiffs a certain promissory note, secured by mortgage. At no time preceding the date of said sale were the plaintiffs acquainted with the fact that a minor was a part owner of said note and mortgage. In the course of effecting an assumed transfer of the mortgage Straight and his minor son indorsed, each with his own signature, the promissory note which was the basis of the mortgage, and at the same time made an assignment of said promissory note and mortgage to plaintiffs. It is conceded that in making such assignment, in

order that it might be recorded by the county recorder, it became necessary that Straight and his minor son each acknowledge his signature to such assignment before a notary public, or other public officer authorized by law to take such acknowledgment. It appears that defendant Blanchard was a notary public, before whom Straight and his minor son appeared, and thereupon each of them duly acknowledged the execution by him of the assignment to plaintiffs of said promissory note and mortgage. Approximately one and one-half years thereafter, Straight died; whereupon his said minor son disaffirmed and repudiated his act in the matter of the execution of said assignment. An action was then brought by the plaintiffs against defendant Blanchard and his bondsman Fidelity and Deposit Company of Maryland, a corporation, for damages alleged to have ensued to the plaintiffs by reason of the fact that defendant Blanchard had violated his duty in taking the said acknowledgment of the said minor. From the resulting judgment in favor of the defendants, the plaintiffs have appealed to this court.

On the part of the appellants, no claim is made that in taking the acknowledgment of the minor, defendant Blanchard breached any of the express provisions of any statute by which his official duty in the premises was either defined or ascertainable. However, as a basis for the action, the plaintiffs contended, and here assert, that the damages which they allege were suffered by them were caused solely by reason of the negligence of defendant Blanchard in the premises.

On the part of the respondents, in effect it is contended that in the absence of any violation by defendant Blanchard of any statutory duty as a notary public, no cause of action ensued in favor of the plaintiffs by reason of the failure of defendant Blanchard either to ascertain that the son of Straight was a minor; or, having ascertained such fact, either to certify thereto, or to refuse to take the acknowledgment. However, it becomes unnecessary to determine that particular question.

On the trial of the action, with reference to the issue of negligence of defendant Blanchard, the court made the following finding of fact: "That defendant W. L. Blanchard was not negligent in taking said acknowledgment of said

Francis Willard Straight, or in failing to discover that said Francis Willard Straight was a minor, or in failing to refuse to take said acknowledgment on account of the minority of said Francis Willard Straight.''

In that connection, an examination of the record herein reveals the fact that substantial evidence was introduced on the trial of the action upon which such finding of the trial court properly may be based; and the rule is well established that in such circumstances this court is without authority to disturb a finding made by the trial court.

Although several other questions of law are presented herein for decision by this court, including that hereinbefore suggested, to wit, of whether in any event a cause of action might be predicated upon the alleged negligent act of defendant Blanchard in the premises,—in the face of that which would seem to be the legally established condition ''that defendant W. L. Blanchard was not negligent in taking said acknowledgment'', it becomes unnecessary to decide whether in connection with the performance of his duties, a negligent act by a notary public, not in violation of his statutory duties, but which was incidental thereto and which negligent act resulted in damage to some person, is actionable by the latter; or to decide either or any of the other questions to which the respective parties herein have directed the attention of this court. It is manifest that if no cause of action existed against defendant Blanchard by reason of any asserted failure on his part to perform his duty in accordance with the provisions of the statutes governing the situation; and if, as found by the trial court, he was guilty of no negligence in the premises;—the inevitable result of the appeal from the judgment must be an affirmance thereof.

It is ordered that the judgment be and it is affirmed.

Conrey, P. J., and York, J., concurred.